United States District Court
Middle District of Florida
Jacksonville Division

**TERRANCE TURNER,**

    *Plaintiff,*

v.                            NO. 3:25-cv-1264-JEP-PDB

**FUSION REAL ESTATE NETWORK INC. ETC.,**

    *Defendants.*

---

## Report and Recommendation

The plaintiff, proceeding without a lawyer, sues the defendants for alleged violations of state and federal laws. Doc. 1. He also submits a "motion to form leave" with an application to proceed *in forma pauperis*. Doc. 3; Doc. 3-2.

Since 2023, the plaintiff has filed at least 155 cases in federal district courts throughout the country. He is barred from filing an *in forma pauperis* action in any federal district court without first obtaining leave. *See Turner v. Trugreen Ltd. P'ship*, 3:23-cv-989-G-BK, Docs. 9, 11 (N.D. Tex. May 11, 2023); *see also Turner v. Fed. Trade Comm'n*, 3:23-cv-1356-HLA-JBT, Doc. 7 (M.D. Fla. Jan. 31, 2024). The undersigned ordered the plaintiff to show cause by December 18, 2025, why this case should not be dismissed. Doc. 7. Since the undersigned's order, the plaintiff has filed nothing.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with

prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

The plaintiff failed to comply with the order directing him to show cause why this case should not be dismissed. No extreme circumstance in this particular action exists. Dismissal without prejudice is warranted.

The undersigned **recommends**:

1. dismissing the action without prejudice, and
2. directing the clerk to terminate any pending motion and close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and

recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on December 23, 2025.

                                        Patricia D. Barksdale
                                        United States Magistrate Judge

c:      Terrance Turner
       890 Flintwood Road
       Fayetteville, NC 28314